UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERANEK DWAYNE DIAZ,

        Plaintiff,

    v.                                    Case No. 21-C-47

HEALTH SERVICE UNIT and
PSYCHOLOGICAL SERVICE UNIT,

        Defendants.

---

## SCREENING ORDER

---

Jeranek Dwayne Diaz, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Diaz's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Diaz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Diaz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.14. Diaz's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

According to Diaz, he has permanent lower bunk and lower tier restrictions. Despite this, on August 19, 2020, he was housed on the second floor. Diaz asserts that he requested to use the

elevator, but his request was denied due to operating difficulties. On September 2, 2020, he says he had "a terrible accident causing swelling, bruising, and dizziness going down the stairs." Dkt. No. 1 at 3. He was taken to the hospital, where he was prescribed medicine, which he says he did not receive until a few days later. The doctor at the hospital also ordered no more upstairs housing. Diaz asserts that, given his active restrictions, he never should have been housed on the second floor. Diaz asserts that multidisciplinary meetings held by health services and psychological services should be more of a priority in order to ensure his safety and well-being. He seeks compensatory damages.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Diaz's complaint fails to state a claim, but the Court will give him an opportunity to file an amended complaint to address the deficiencies the Court identifies below.

Under §1983, defendants will be liable only if "they had some personal involvement in the alleged constitutional deprivation." *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). At a minimum, they must have had "actual knowledge" of the risk an inmate faced. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). With this in mind, it is clear that Diaz casts his net too wide when he sues the health service unit and the psychological service unit. Putting aside the fact that these units are not people, the Court cannot reasonably infer that every person in both units knew of Diaz's restrictions and was involved in the decision to house him on the second floor.

3

Further, to state a deliberate indifference claim, a plaintiff must allege an objectively serious medical condition, an official's deliberate indifference to that condition, and an injury that resulted from the official's deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Diaz's allegations are too sparce and vague to state a claim under this standard. He asserts that he was on a lower tier restriction, but he does not allege what medical conditions he suffered from that resulted in him receiving this restriction. Section "1983 protects plaintiffs from constitutional violations, not violations of state law or departmental regulations," so the mere fact that he was assigned to the second floor in violation of a lower tier restriction is insufficient to state a claim. *See Williams*, 927 F.3d at 479 n.1. He also states that he made a single request to use the elevator, but his request was denied because of "operating difficulties." Diaz does not explain what these difficulties were, nor does he explain if he was allowed to use the elevator after these difficulties were resolved. Finally, he alleges he had an accident, but he does not explain what this accident was or how it happened.

As noted, the Court will allow Diaz to file an amended complaint that includes sufficient factual allegations. If he chooses to do so, he must allege what medical conditions he suffered from that required he be assigned to the first floor, who he told about his conditions and/or restrictions after he was assigned to live on the second floor, why his requests to be reassigned to the first floor or to be provided with an accommodation such as using the elevator were denied, and how the refusal to reassign him to the first floor or to be provided with an accommodation harmed him. Diaz must name as defendants only those individuals who were directly involved in the alleged violation of his rights. If he does not know the names of the people involved, he may use a John or Jane Doe placeholder. If he is allowed to proceed with a claim, he will have the opportunity to use discovery to learn the Doe defendants' names.

If Diaz wants to proceed with this case, he must file an amended complaint on or before **April 23, 2021**. An amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). The Court will include a copy of its amended complaint form. Diaz must use the Court's form. If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. §1915A. If no amended complaint is received, the Court will dismiss this case based on the original complaint's failure to state a claim and will assess Diaz a strike pursuant to 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that Diaz's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 23, 2021**, Diaz shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Diaz a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Diaz shall collect from his institution trust account the $347.86 balance of the filing fee by collecting monthly payments from Diaz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Diaz is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Diaz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Diaz is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Diaz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 23rd day of March, 2021.

> s/ William C. Griesbach
> _____
> William C. Griesbach
> United States District Judge